UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANUP PARMAR, <br><br> Plaintiff, <br><br> v. <br><br> CREDIT CONTROL, LLC, <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 1:19-cv-00387 <br><br> JURY TRIAL DEMANDED |

### FIRST AMENDED COMPLAINT

**NOW COMES** Anup Parmar ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Credit Control, LLC ("Defendant") as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

#### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Illinois, Defendant conducts business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant promotes that its "history in the collections industry started in 1989 and currently serves over 450 clients."[1] Defendant is a limited liability company organized under the laws of the state of Missouri, with its principal place of business located at 5757 Phantom Drive, Suite 330, Hazelwood, Missouri 63042. Defendant regularly collects upon consumers located in the state of Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. At all times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, vendors, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTS SUPPORTING CAUSES OF ACTION

8. Before November 2018, Plaintiff opened a credit card account with the First National Bank of Omaha.

9. Unable to keep up with payments, Plaintiff defaulted on this account, leaving an outstanding balance in the amount of approximately $1000 ("subject debt").

10. Sometime after Plaintiff defaulted on the account in or around November 2018, Plaintiff began receiving calls to his cellular phone, (847) XXX-2623, from Defendant in an attempt to collect the subject debt.

---

[1] https://www.credit-control.com/about-us/who-we-are/

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2623. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Around early December 2018, Plaintiff answered a call from Defendant. During this call Defendant requested that Plaintiff make a payment on the subject debt. Plaintiff requested that Defendant stop calling him.

13. Plaintiff answered several of Defendant's subsequent phone calls, and during at least one of these calls, Plaintiff requested that Defendant stop calling him.

14. Notwithstanding Plaintiff's request that Defendant cease placing calls to his cellular phone, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone between December 2018 and the present day.

15. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

16. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to speak to Plaintiff.

17. Rather than ceasing to place calls to Plaintiff, Defendant continued to harass and abuse Plaintiff by periodically calling multiple times in one day.

18. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system.

19. Upon information and belief, Defendant has used several different phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (877) 395-3606.

20. Upon information and belief, the above referenced phone number is regularly utilized by Defendant during its debt collection activity.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

### DAMAGES

22. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life, ability to safely work, and general well-being.

23. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

24. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including, but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

### COUNT I - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

27. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

28. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

29. Defendant used the telephone to attempt to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant violated 15 U.S.C. §1692c(a)(1), d, and d(5) through its unlawful debt collection practices.

    **a. Violations of FDCPA § 1692c**

31. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its barrage of phone calls with the specific goal of oppressing and abusing Plaintiff, attempting to induce payment of the subject debt.

32. Defendant was informed by Plaintiff that its calls were not welcome. As such, Defendant knew that its conduct was ill-timed and harassing to him.

    **b. Violations of FDCPA § 1692d**

33. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by persistently calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing calls after Plaintiff advised Defendant to stop placing collection calls to his cellular phone.

34. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or

caused to be placed numerous harassing phone calls to Plaintiff's cellular phone using an automated telephone dialing system without Plaintiff's consent.

**WHEREFORE**, Plaintiff ANUP PARMAR respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

37. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

38. Defendant violated the TCPA by placing numerous calls to Plaintiff's cellular phone using an ATDS without his prior consent.

39. Any prior consent, if any, was revoked by Plaintiff's *multiple* verbal revocations.

40. As pled above, Plaintiff was harmed by Defendant's collection calls to his cellular phone.

41. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

42. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

43. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff ANUP PARMAR respectfully prays this Honorable Court for the following relief:
   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
   c. Awarding Plaintiff costs and reasonable attorney fees;
   d. Enjoining Defendant from further contacting Plaintiff; and
   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III-VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

44. The Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> ""Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

46. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

47. Defendant's collection activities towards Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

48. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff and the subject debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

49. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in inducing Plaintiff into paying the subject debt. It was unfair for Defendant to bombard Plaintiff with unwanted telephone calls in his arrest in order to secure payment towards the subject debt. Due to the nature of the calls and the fact that Plaintiff requested that the calls cease, Defendant's conduct only served to harass and intimidate Plaintiff into paying the subject debt.

    **a. Unfairness and Deception**

50. It was unfair for Defendant to seek to collect the subject debt from Plaintiff through a relentless campaign of unwanted phone calls in order to induce him into making a payment on the subject.

51. By placing the calls to Plaintiff's cellular phone after Plaintiff demanded that the calls cease, Defendant deceived Plaintiff into believing that his request for the calls cease had no legal effect. Plaintiff's request in fact did have a legal effect and Defendant had sufficient notice that its calls to Plaintiff's cellular phone were not welcomed.

52. Moreover, Defendant's unfair conduct is against public policy because it needlessly subjects consumers to such harassing behavior.

53. Upon information and belief, Defendant systematically engages in such harassing conduct against consumers in Illinois in order to aggressively collect debts in default, or assumed to be in default, to increase its profitability at the consumers' expense.

54. Upon information and belief, administering such harassing actions against Illinois consumers is an unfair business practice willfully employed by Defendant and is done on a large scale.

55. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully.

56. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

57. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to Defendant's harassment.

**WHEREFORE**, ANUP PARMAR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Enter judgment in Plaintiff's favor and against Defendant;
   b. Award Plaintiff his actual damages in an amount to be determined at trial;
   c. Award Plaintiff his punitive damages in an amount to be determined at trial;
   d. Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
   e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: February 22, 2019                          Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com