UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANUP PARMAR,<br><br>    PLAINTIFF,<br><br>v.<br><br>CREDIT CONTROL, LLC<br><br>    DEFENDANT. | Case No.: 1:19-cv-00387<br><br>Credit Control, LLC's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint |

**CREDIT CONTROL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF, ANUP PARMAR'S COMPLAINT**

Defendant, Credit Control, LLC ("Credit Control" or "Defendant"), by and through undersigned counsel, hereby answers the First Amended Complaint of Plaintiff, Anup Parmar ("Parmar" or "Plaintiff"). In support thereof, Credit Control avers as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

**ANSWER: Credit Control admits Plaintiff filed the instant Class Action Complaint seeking redress for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq., but denies any**

**wrongdoing or violations of any law. Credit Control denies each and every allegation in this Paragraph not specifically admitted herein.**

## JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by the FDCPA, the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

**ANSWER: The allegations in Paragraph 2 constitute conclusions of law to which no response is required.**

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Illinois, Defendant conducts business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**ANSWER: The allegations in Paragraph 3 constitute conclusions of law to which no response is required.**

## PARTIES

4.  Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

**ANSWER: Credit Control admits, upon information and belief, Plaintiff is a natural person over the age of 18 years of age. Whether the Plaintiff is a consumer and a person constitute legal conclusions to which no response is required. Credit Control specifically denies each and every allegation not admitted herein.**

5. Defendant promotes that its "history in the collections industry started in 1989 and currently serves over 450 clients."[1] Defendant is a limited liability company organized under the laws of the state of Missouri, with its principal place of business located at 5757 Phantom Drive, Suite 330, Hazelwood, Missouri 63042. Defendant regularly collects upon consumers located in the state of Illinois.

**ANSWER: Credit Control admits only that it is a limited liability company organized under the laws of the State of Missouri, maintains a place of business at 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042, and regularly collects valid and owing debts from individuals and businesses in the State of Illinois. To the extent, Plaintiff accurately repeats Credit Control's website, no response is required, as it speaks for itself. The remainder of the allegations in Paragraph 5 constitute conclusions of law to which no response is required.**

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

**ANSWER: The allegations in Paragraph 6 contain conclusions of law to which no response is required.**

7. At all times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, vendors, principals, trustees, sureties, subrogees, representatives, and insurers.

**ANSWER: Admitted.**

### FACTS SUPPORTING CAUSES OF ACTION

8. Before November 2018, Plaintiff opened a credit card account with the First National Bank of Omaha.

---

[1] https://www.credit-control.com/about-us/who-we-are/

**ANSWER: Admitted.**

9. Unable to keep up with payments, Plaintiff defaulted on this account, leaving an outstanding balance in the amount of approximately $1000 ("subject debt").

**ANSWER: Defendant is without sufficient information to admit or deny the allegations of paragraph 10 and accordingly deny each and every allegation of paragraph 10.**

10. Sometime after Plaintiff defaulted on the account in or around November 2018, Plaintiff began receiving calls to his cellular phone, (847) XXX-2623, from Defendant in an attempt to collect the subject debt.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations of paragraph 10 and accordingly deny each and every allegation of paragraph 10.**

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2623. Plaintiff is and always has been financially responsible for the cellular phone and its services.

**ANSWER: Credit Control lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 11, therefore, such are denied.**

12. Around early December 2018, Plaintiff answered a call from Defendant. During this call Defendant requested that Plaintiff make a payment on the subject debt. Plaintiff requested that Defendant stop calling him.

**ANSWER: ANSWER: The phone calls with speak or themselves, discovery is still ongoing, and accordingly the characterization of the calls in this matter are denied.**

13. Plaintiff answered several of Defendant's subsequent phone calls, and during at least one of these calls, Plaintiff requested that Defendant stop calling him.

**ANSWER: The phone calls with speak or themselves, discovery is still ongoing, and accordingly the characterization of the calls in this matter are denied.**

14. Notwithstanding Plaintiff's request that Defendant cease placing calls to his cellular phone, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone between December 2018 and the present day.

**ANSWER: Denied.**

15. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

**ANSWER: Denied.**

16. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to speak to Plaintiff.

**ANSWER: Denied.**

17. Rather than ceasing to place calls to Plaintiff, Defendant continued to harass and abuse Plaintiff by periodically calling multiple times in one day.

**ANSWER: Denied.**

18. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system.

**ANSWER: Denied.**

19. Upon information and belief, Defendant has used several different phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (877) 395-3606.

**ANSWER: Defendant is without sufficient information to answer and therefore denies.**

Upon information and belief, the above referenced phone number is regularly utilized by Defendant during its debt collection activity.

**ANSWER:**

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

**ANSWER: Denied.**

## DAMAGES

21. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life, ability to safely work, and general well-being.

**ANSWER: Denied.**

22. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

**ANSWER: Denied.**

23. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including, but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

**ANSWER: Denied.**

## COUNT I -VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

**ANSWER: No response is required to this Paragraph, as Plaintiffs are merely incorporating the allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, Credit Control incorporates its responses to the foregoing paragraphs as though fully set forth herein at length.**

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

**ANSWER: The allegations to Paragraph 26 contain conclusions of law to which no response is required.**

26. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**ANSWER: The allegations in paragraph 27 contain conclusions of law to which no response is required.**

27. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

**ANSWER: Denied. Further, the allegations in Paragraph 28 contain conclusions of law to which no response is required.**

28. Defendant used the telephone to attempt to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

**ANSWER: The allegations in Paragraph 29 contain conclusions of law to which no response is required.**

29. Defendant violated 15 U.S.C. §1692c(a)(1), d, and d(5) through its unlawful debt collection practices.

**ANSWER: Denied. The allegations in Paragraph 30 contain conclusions of law to which no response is required.**

    a. Violations of FDCPA § 1692c

30. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its barrage of phone calls with the specific goal of oppressing and abusing Plaintiff, attempting to induce payment of the subject debt.

**ANSWER: The allegations stated legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies each and every allegation of this paragraph.**

31. Defendant was informed by Plaintiff that its calls were not welcome. As such, Defendant knew that its conduct was ill-timed and harassing to him.

**ANSWER: The allegations stated legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies each and every allegation of this paragraph.**

    b. Violations of FDCPA § 1692d

32. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by persistently calling Plaintiff's cellular phone seeking immediate payment on the

subject debt. Moreover, Defendant continued placing calls after Plaintiff advised Defendant to stop placing collection calls to his cellular phone.

**ANSWER: Denied. The allegations in Paragraph 33 contain conclusions of law to which no response is required.**

33. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone using an automated telephone dialing system without Plaintiff's consent.

**ANSWER: Denied. The allegations in Paragraph 34 contain conclusions of law to which no response is required.**

WHEREFORE, Plaintiff ANUP PARMAR respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**ANSWER: Credit Control denies that the Plaintiff is entitled to the relief demanded in his Prayer for Relief.**

**COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

34. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

**ANSWER: No response is required to this Paragraph, as Plaintiffs are merely incorporating the allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, Credit Control incorporates its responses to the foregoing paragraphs as though fully set forth herein at length.**

35. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

**ANSWER: Denied. The allegations in Paragraph 36 contain conclusions of law to which no response is required.**

36. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

**ANSWER: The allegations is Paragraph 37 contain conclusions of law to which no response is required.**

37. Defendant violated the TCPA by placing numerous calls to Plaintiff's cellular phone using an ATDS without his prior consent.

**ANSWER: Denied. The allegations is Paragraph 38 contain conclusions of law to which no response is required.**

38. Any prior consent, if any, was revoked by Plaintiff's *multiple* verbal revocations.

**ANSWER: The allegations stated legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies each and every allegation of this paragraph.**

39. As pled above, Plaintiff was harmed by Defendant's collection calls to his cellular phone.

**ANSWER: The allegations stated legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies each and every allegation of this paragraph.**

40. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

**ANSWER: Denied.**

41. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

**ANSWER: Denied.**

42. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**ANSWER: The allegations in Paragraph 43 contain conclusions of law to which no response is required.**

WHEREFORE, Plaintiff ANUP PARMAR respectfully prays this Honorable Court for the following relief:

  a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
  b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
  c. Awarding Plaintiff costs and reasonable attorney fees;
  d. Enjoining Defendant from further contacting Plaintiff; and
  e. Awarding any other relief as this Honorable Court deems just and appropriate.

**ANSWER: Credit Control denies that the Plaintiff is entitled to the relief demanded in his Prayer for Relief.**

### COUNT III-VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

44. The Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

**ANSWER: No response is required to this Paragraph, as Plaintiffs are merely incorporating the allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, Credit Control incorporates its responses to the foregoing paragraphs as though fully set forth herein at length.**

45. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states: "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

**ANSWER: The allegations Paragraph 45 contain conclusions of law to which no response is required.**

46. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

**ANSWER: The allegations is Paragraph 46 contain conclusions of law to which no response is required.**

47. Defendant's collection activities towards Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

**ANSWER The allegations in Paragraph 47 contain conclusions of law to which no response is required.**

48. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff and the subject debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

**ANSWER: Paragraph 48 states legal conclusions to which no answer is required.**

49. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in inducing Plaintiff into paying the subject debt. It was unfair for Defendant to bombard Plaintiff with unwanted telephone calls in his arrest in order to secure payment towards the subject debt. Due to the nature of the calls and the fact that Plaintiff requested that the calls cease, Defendant's conduct only served to harass and intimidate Plaintiff into paying the subject debt.

**ANSWER: Denied. The allegations in Paragraph 49 contain conclusions of law to which no response is required.**

a. **Unfairness and Deception**

50. It was unfair for Defendant to seek to collect the subject debt from Plaintiff through a relentless campaign of unwanted phone calls in order to induce him into making a payment on the subject.

**ANSWER: The allegations in Paragraph 50 contain conclusions of law to which no response is required.**

51. By placing the calls to Plaintiff's cellular phone after Plaintiff demanded that the calls cease, Defendant deceived Plaintiff into believing that his request for the calls cease had no legal effect. Plaintiff's request in fact did have a legal effect and Defendant had sufficient notice that its calls to Plaintiff's cellular phone were not welcomed.

**ANSWER: Denied.**

52. Moreover, Defendant's unfair conduct is against public policy because it needlessly subjects consumers to such harassing behavior.

**ANSWER: Denied.**

53. Upon information and belief, Defendant systematically engages in such harassing conduct against consumers in Illinois in order to aggressively collect debts in default, or assumed to be in default, to increase its profitability at the consumers' expense.

**ANSWER: Denied.**

54. Upon information and belief, administering such harassing actions against Illinois consumers is an unfair business practice willfully employed by Defendant and is done on a large scale.

**ANSWER: Denied.**

55. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully.

**ANSWER: Denied.**

56. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

**ANSWER: Denied.**

57. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights

of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to Defendant's harassment.

**ANSWER: Denied.**

WHEREFORE, ANUP PARMAR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff his actual damages in an amount to be determined at trial;

c. Award Plaintiff his punitive damages in an amount to be determined at trial;

d. Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

e. Award any other relief this Honorable Court deems equitable and just.

**ANSWER: Credit Control denies that the Plaintiff is entitled to the relief demanded in his Prayer for Relief.**

Plaintiff demands trial by jury.

**ANSWER: This Paragraph contains a demand for trial by jury to which no response is required. To the extent that Plaintiff's agreement with the originating creditor contained a binding arbitration provision, Plaintiff has waived their right to proceed in this forum.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Credit Control's conduct with respect to the Plaintiff did not violate the FDCPA or TCPA or ICFA. Therefore, Credit Control affirmatively asserts that Plaintiff's claims pursuant to the FDCPA, TCPA, and ICFA lack any degree of viability and all claims against Credit Control should be dismissed or withdrawn.

### SECOND AFFIRMATIVE DEFENSE

Credit Control denies that it engaged in any violation of law or other wrongdoing, denies that it violated the FDCPA or TCPA or ICFA or is otherwise liable under the FDCPA or TCPA or ICFA. Nevertheless, any alleged violation of the FDCPA or TCPA or ICFA would not have resulted in any actual damages suffered by each Plaintiff. Plaintiff therefore suffered no injury in fact, and any alleged injury in fact, the existence of which is expressly denied, would not be fairly traceable to the purported conduct of Credit Control. Accordingly, Plaintiff lacks standing to bring this action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed with prejudice for lack of standing or capacity to sue.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, res judicata, release, accord and satisfaction, or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail to the extent Plaintiff has failed to mitigate her damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's agreement with the original creditor contains an arbitration provision. Credit Control demands that this matter be stayed, and that Plaintiff pursue her individual claims against Credit Control in arbitration per the terms of his credit agreement. Therefore, Plaintiff lacks standing to bring this action in this forum. Credit Control affirmatively asserts its right to compel individual arbitration of Plaintiff's claims. Plaintiff should dismiss this action and proceed in arbitration against the Credit Control.

**SEVENTH AFFIRMATIVE DEFENSE**

Credit Control reserves the right to amend its answer and affirmative defenses herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third-party claims, as additional investigation, discovery or circumstances warrant.

WHEREFORE, Defendant, Credit Control, LLC, respectfully request this Honorable Court enter judgment in its favor, dismissing Plaintiff's Complaint and any and all other relief as the Court deems is just and equitable.

Dated: March 8, 2019

Respectfully submitted,

WATTS LAW GROUP, LLC

*Attorneys for Defendant*
Credit Control, LLC

 /s/ PATRICK A. WATTS
Patrick A. Watts
IL State Bar No. 6202112
Watts Law Group, LLC
150 S. Wacker Drive, Ste. 2400
Chicago, IL 60606
P: (312) 725-8267
F: (888) 632-6937
pwatts@swattslaw.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on March 8, 2019, the foregoing was filed electronically with the Clerk of the Court and served by operation of the Court's electronic filing system to the following counsel of record:

Omar Tayseer Sulaiman
Alexander James Taylor
Marwan R. Daher
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue
Suite 200
Lombard, IL 60148
(630) 575-8181
osulaiman@sulaimanlaw.com
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com

                                                                                       */s/ Patrick Watts*