UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANUP PARMAR,<br><br>    PLAINTIFF,<br><br>v.<br><br>CREDIT CONTROL, LLC<br><br>    DEFENDANT. | Case No.: 1:19-cv-00387<br><br>District Judge: Rebecca Pallmeyer |

**DEFENDANT CREDIT CONTROL LLC'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Throughout his Response, Plaintiff argues that Defendant *seems* like a debt collector, and thus is and always will be a debt collector under the FDCPA – despite this argument being directly refuted by the FDCPA's statutory exceptions to the definition of "debt collector".

Plaintiff's argument entirely misses the analysis required by the FDCPA's express statutory exceptions at issue – instead arguing the general definition of "debt collector" swallows the exceptions.

Indeed, Plaintiff's Response begins with the words, "[i]f it looks like a duck, sounds like a duck, walks like a duck, and admits it's a duck, it's not an elephant." Response at 1. This statement represents the Plaintiff's apparent misconception about the FDCPA's statutory exception for debts that are not in default at the time of assignment. It is Congress that specifically defined what is and is not a "duck" in this instance, and not Plaintiff's counsel.

As laid out below, Plaintiff's response fails to refute any of the undisputed facts supporting the application of the relevant exceptions.

1

Further, there are a number of assertions by Plaintiff which are simply not supported by the record. First, Credit Control never attempted to collect the "balance in full" on the account as asserted by Plaintiff. Second, Credit Control was not collecting in its name – but in the name of the creditor. Third, Credit Control's "principal purpose" of collecting debts, has no relevance to the exception to the definition of "debt collector". Plaintiff's arguments that because the general rule may apply, the exceptions cannot are illogical at best. Also, the number of calls made by Credit Control on behalf of and in the name of FNBO to Plaintiff is immaterial to an analysis as to whether the statutory exceptions to the FDCPA's definition of debt collector apply – nothing more than a red herring argument.

**A. FNBO'S Open Credit Account Was Not in Default When Credit Control Was Assigned the Account – No Other Inquiry is Required.**

To show the debt was not in default at the time it was assigned to Credit Control, Credit Control cited undisputed facts that, from the time of Plaintiff's latest payment to the time FNBO assigned the account to Defendant, FNBO sent multiple monthly statements indicating an open credit line of $2,000.00, the total balance, the available credit on the account, and the minimum payment due – in other words, the account was still an open credit account at the time of assignment to Credit Control and thereafter. *See* Memorandum in Support at 6. Defendant further pointed to FNBO's own statement that the debt was not in default at the time of assignment, and that the account remained open with an available line of credit. *Id*. at 7. Defendant finally points to Plaintiff's own admissions regarding the status of the account – that he believed the account was not in default, and that it would remain open. *Id*. at 7.

Plaintiff's Response fails to address or refute any of these key facts. Instead, Plaintiff attempts to oversimplify the Court's inquiry, first by asserting an overbroad definition of the term "default." Citing an opinion from the Southern District of Indiana, Plaintiff asserts the

definition of "default" must include any account on which a consumer has failed to timely pay any amount of money owed at the time of assignment. *See* Response at 6 (citing *Magee v. AlliancOne, Ltd.*, 487 F.Supp.2d 1024, 1027 (S.D. Ind. 2007)). The Court in *Magee* was also relying on a highly case specific deposition of the creditor where the creditor admitted that the purpose assigning the past due balances to the Defendant was to enhance the likelihood of payment by the consumer because of the collection contact. Here, unlike in *Magee*, Credit Control did not disclose its name but was communicating with Plaintiff in the name of the creditor FNBO only. In addition, the Court in *Magee* and Plaintiff's position, ignore the distinction between debt collectors and non-debt collector servicers drawn by the 7th Circuit in *Schlosser v. Fairbanks Cap. Corp.*, 323 F.3d 538 (7th Cir. 2003), where the Court found that "If the loan is in **default**, no ongoing relationship is likely and the only activity will be collection." Here it is undisputed that FNBO maintained an ongoing credit relationship with Plaintiff at the time of each assignment to Credit Control, including the assignment which lead to the collection activities at issue, and Credit Control communicated in the name of FNBO only to Plaintiff. This ongoing credit relationship with FNBO continued despite the small "past due amounts" being present on the account being collected by Credit Control in FNBO's name. The argument advanced by Plaintiff regarding the definition of default has also been expressly rejected by the 2nd Circuit. *Alibrandi v. Fin. Outsourcing Servs.*, 333 F.3d 86-87 (2d Cir. 2003) (Rejecting the notion that a debt is in default as soon as it becomes past due, reasoning "generally, a debt does not go into default at its inception or immediately after payment first becomes due").

Plaintiff's perception of the word "default," though, would essentially render the exception to the definition of "debt collector" meaningless, as its existence presupposes the existence of "past due" accounts that are not "in default." "It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented,

no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (internal quotations omitted). This Court should not follow such an overbroad interpretation of "default" that would render the not-in-default exception superfluous.

Plaintiff then argues that Defendant's activities related to the debt demonstrate the debt must have been in default. Plaintiff relies on *Schlosser v. Fairbanks Cap. Corp.*, 323 F.3d 534 (7th Cir. 2003), to assert that a debt is "in default" if the alleged debt collector "treats the debt as being in default at the time of acquisition." Response at 9. At the outset, this paraphrase mischaracterizes the holding in *Schlosser*. There, the Seventh Circuit relied not upon the mere fact that the defendant attempted to collect a past-due account, but on the defendant's *own assertion* (though mistaken) that the subject debt was in "**default**". 323 F.3d at 535. It concluded that the not-in-default exception did not apply because the alleged debt collector "attempted to collect on a debt **that it asserted to be in default**[.]" *Id*. at 539 (emphasis added). Under *Schlosser*, then, a debt collector's mistaken belief about the default status of a debt would not afford it the protection of the not-in-default exception where an assertion of default occurs by the debt collector.

Here, and unlike in *Schlosser,* there is simply no such assertion of default by Credit Control at any point and unlike in *Schlosser*, Credit Control communicated in the name of the current creditor FNBO to Plaintiff and not in its own name.

Plaintiff, unable to point to a single instance in which Credit Control made such an assertion, instead expands the *Schlosser* ruling well beyond the confines of "assertions" of default about the debt. Plaintiff argues that Credit Control's activities fall under *Schlosser* because of the number of times Credit Control attempted to contact Plaintiff, because Credit Control demanded the balance in full, and because Credit Control consistently described the account as "past due.". *See* Response at 10. It is upon the basis of these activities, along with

4

"rudimentary knowledge that debt collectors customarily only attempt to collect debts that are in default," Response at 10, that Plaintiff asks the Court to rule on the legal status of a the Defendant.

Such "rudimentary knowledge," though, comes not from *Schlosser* or any other case, and seems to have been lost on Congress when it specifically carved out an exception for the collection of debts that were not in default at the time of their assignment.

Indeed, taking Plaintiff's argument to its logical conclusion, if the *act itself* of attempting to collect a debt must automatically render that debt "in default," there would be no need for a not-in-default exception at all, as every account on which someone attempts to collect a past-due payment would be considered "in default." Folk wisdom – certainly confused folk wisdom - cannot overpower the canons of statutory construction, and courts should not interpret laws to conclude that Congress included superfluous verbiage.

**B.    De Facto Employee**

Defendant secondly asserted it was not a debt collector due to the FDCPA's exemption of "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." § 1692a(6). Defendant cited guidance from the FTC and CFPB, both of which treat contracted collectors as employees of the creditor based upon the degree of control and supervision the creditor commands over the collector, as well as how an agency is compensated. See Memorandum at 9. Defendant then several cited undisputed facts to demonstrate that the exception applied.[1] As a result of its specific agreement and relationship with FNBO, Credit

---

[1] The Account was assigned pursuant to a first party service agreement, under which: (1) Credit Control's employees would act in all respects as an extension of FNBO's internal billing and collection departments, and their conduct would be governed by FNBO, (2) Credit Control's employees were obligated to act according to FNBO's training materials, policies, procedures, and instructions, (3) Credit Control would adhere to FNBO's standards, (4) Credit Control would

Control's activities related to this Account were thus performed as a de facto employee of the original creditor, not as a "debt collector" under the FDCPA.

Plaintiff's response again fails to address or refute any of the facts asserted by Credit Control. Instead, Plaintiff repeats facts about Credit Control's primary business activities, such as the number of Credit Control's locations and call centers and the fact that it only collects on behalf of others. *See* Response at 15. But, again, Plaintiff fails to account for the situation-specific nature of this FDCPA exception. The fact that Credit Control may engage in FDCPA-applicable debt collection in *other* circumstances does not negate the undisputed facts showing it was not doing so in *this* circumstance. Regarding this specific account, numerous undisputed facts demonstrate that Credit Control's dedicated FNBO representatives serviced this account as employees trained according to FNBO's expectations and supervised by FNBO.

## CONCLUSION

It is the Plaintiff's burden to prove Credit Control was acting as a "debt collector," as that term is applied in the FDCPA. Under the statute, even if a business would often or regularly fall under that term, exceptions apply based on a defendant's and the subject debt's status in the individual case. Here, undisputed facts, not mere colloquialisms, demonstrate that Credit Control was not acting as a "debt collector" under the FDCPA because (1) the debt was not in default at the time it was assigned to Credit Control, and (2) Credit Control's employees were acting as de facto employee's of FNBO with regard to this debt. Plaintiff does not and cannot

---

perform its duties in the name of FNBO and its affiliates, (5) Credit Control would provide dedicated employees exclusively to perform services for FNBO, and (6) FNBO would regularly review Credit Control's performance. Further, Credit Control did not receive any contingency fee or commissions for work performed under the First Party Agreement. *See* Support Memorandum at 9-10.

refute the facts that support these conclusions.  As such, he cannot meet his burden to prove Credit Control was a "debt collector" under the FDCPA.

WHEREFORE, for all the foregoing reasons and those laid out in its Memorandum of Law in Support of its Motion for Summary Judgment, Credit Control respectfully requests that this Court grant its Motion for Summary Judgment and any other relief this Court deems just and proper.

January 6, 2020                                    Respectfully Submitted,

                                                   WATTS LAW GROUP, LLC

                                                   By:/s/ Patrick A. Watts, Esq.
                                                   7733 Forsyth Blvd., Suite 600
                                                   St. Louis, Missouri 63105
                                                   Ph: (314) 669-5490
                                                   Email: pwatts@swattslaw.com
                                                   *Attorneys for Defendant*
                                                   Credit Control, LLC

<u>CERTIFICATE OF SERVICE</u>
(electronic filing)

I HEREBY CERTIFY that on January 6, 2020, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system which will send notification of such filing to the following counsel of record:

Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com

*Attorneys for Plaintiff*

                                                   /s/:  Patrick A. Watts, Esq.